IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

| | |
|---|---|
| JACQUEZ WORTHEN, | |
| Plaintiff, | CIVIL ACTION NO.: 5:23-cv-47 |
| v. | |
| OFFICER YORK, OFFICER HOCOMB, TAREL TODDMAN, and WARDEN ROY ODUM, | |
| Defendants. | |

**O R D E R**

Plaintiff filed this action, asserting claims under 42 U.S.C. § 1983. Doc. 1. This matter is before the Court for a frivolity screening under 28 U.S.C. § 1915A. For the reasons stated below, I **DISMISS** Plaintiff's claims against Defendant Odum, Officer Fairchilds, and Officer Anderson.[1] However, I **FIND** that some of Plaintiff's claims may proceed. Specifically, the Court will direct service of Plaintiff's Eighth Amendment excessive force claims against Defendants York, Hocomb, and Toddman by separate Order.[2]

---

[1] Plaintiff has consented to the undersigned's plenary review. Docs. 12, 21.

[2] Plaintiff mailed a letter to the Court, docketed as a Motion, on August 14, 2023. Doc. 23. In his letter, Plaintiff asks if he needs to "add a Complaint" with the name of a nurse who saw him when he was injured. It is unclear if Plaintiff wants to identify the nurse as a witness or assert claims against the nurse. Regardless, to the extent Plaintiff requests legal advice about amending his Complaint, I **DENY** this request because the Court may not provide legal guidance or advisory opinions. I **DIRECT** the Clerk of Court to **TERMINATE** the Motion at Docket Number 23.

## PLAINTIFF'S CLAIMS[3]

Plaintiff, proceeding pro se, is a convicted and sentenced state prisoner. Doc. 1 at 4. His claims arise from his incarceration at Ware State Prison in Waycross, Georgia. Id. Plaintiff alleges Defendant Toddman held him down while handcuffed while Defendant York and Hocomb punched Plaintiff in the face and neck on February 27, 2023. Id. at 5. Plaintiff was transported to the hospital for his injuries. Plaintiff alleges he continues to experience light headedness, black outs, headaches, and other pain. Id.

Plaintiff states he is pursuing a "second claim," but the nature of the claim is unclear. It appears Plaintiff alleges Officers Fairchilds and Anderson put him in a cell and called him inappropriate names or slurs. Id. at 6. Plaintiff states he was transferred from one facility to another because he filed a grievance and "the warden was aware of this issue the whole time." Id.

Plaintiff seeks medical treatment and monetary damages as relief. Id. at 7. Plaintiff does not delineate the basis for relief between the two claims.

## STANDARD OF REVIEW

A federal court is required to conduct an initial screening of all complaints filed by prisoners and plaintiffs proceeding *in forma pauperis*. 28 U.S.C. §§ 1915A(a), 1915(a). During the initial screening, the court must identify any cognizable claims in the complaint. 28 U.S.C. § 1915A(b). Additionally, the court must dismiss the complaint (or any portion of the complaint) that is frivolous, malicious, fails to state a claim upon which relief may be granted, or which seeks monetary relief from a defendant who is immune from such relief. Id. The

---

[3] All allegations set forth here are taken from Plaintiff's Complaint. Doc. 1. During frivolity review under 28 U.S.C. § 1915A, "[t]he complaint's factual allegations must be accepted as true." Waldman v. Conway, 871 F.3d 1283, 1289 (11th Cir. 2017).

pleadings of unrepresented parties are held to a less stringent standard than those drafted by attorneys and, therefore, must be liberally construed. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, Plaintiff's unrepresented status will not excuse mistakes regarding procedural rules. McNeil v. United States, 508 U.S. 106, 113 (1993).

A claim is frivolous under § 1915(e)(2)(B)(i) if it is "without arguable merit either in law or fact." Moore v. Bargstedt, 203 F. App'x 321, 323 (11th Cir. 2006). In order to state a claim upon which relief may be granted, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). To state a claim, a complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not" suffice. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).

## DISCUSSION

### I.  Defendant Odum

Plaintiff identifies Defendant Odum as a Defendant but fails to describe how Odum is connected to any alleged constitutional violation. The Eleventh Circuit Court of Appeals has held a district court properly dismisses a defendant where a plaintiff fails to state any allegations that associate the defendant with a legal wrong. Douglas v. Yates, 535 F.3d 1316, 1321–22 (11th Cir. 2008) ("While we do not require technical niceties in pleading, we must demand that the complaint state with some minimal particularity how overt acts of the defendant caused a legal wrong."). Plaintiff mentions Defendant Odum only once in his statement of claim, alleging "[t]he warden was aware of this issue the whole time." Doc. 1 at 6. Plaintiff fails to describe any actions Defendant Odum took to violate his constitutional rights.

3

To the extent Plaintiff seeks to hold Defendant Odum liable for the acts of his subordinates without alleging any personal involvement, Plaintiff's claim also fails. "It is well established in this circuit that supervisory officials are not liable under § 1983 for the unconstitutional acts of their subordinates on the basis of respondeat superior or vicarious liability." Hartley v. Parnell, 193 F.3d 1263, 1269 (11th Cir. 1999) (citations omitted). To hold a supervisory official or an employer liable, Plaintiff must demonstrate either (1) the supervisor actually participated in the alleged constitutional violation, or (2) there is a causal connection between the actions of the supervisor and the alleged constitutional violation. Id. (internal quotation marks and citation omitted) (citing Brown v. Crawford, 906 F.2d 667, 671 (11th Cir. 1990)). As noted above, Plaintiff has not alleged Defendant Odum participated in the events forming the basis of any of Plaintiff's claims. Moreover, Plaintiff has not proffered any reason to support the conclusion Defendant Odum violated any of Plaintiff's constitutional rights.

Similarly, Plaintiff fails to allege a "causal connection" between Defendant Odum and any constitutional violations. See Zatler v. Wainwright, 802 F.2d 397, 401 (11th Cir. 1986) (requiring an affirmative causal connection between a defendant and an alleged constitutional violation). The "causal connection" can be established "when a history of widespread abuse puts the responsible supervisor [or employer] on notice of the need to correct the alleged deprivation, and he fails to do so," Brown v. Crawford, 906 F.2d 667, 671 (11th Cir. 1990), or when "the supervisor's [or employer's] improper custom or policy . . . result[s] in deliberate indifference to constitutional rights." Hartley, 193 F.3d at 1269 (quoting Rivas v. Freeman, 940 F.2d 1491, 1495 (11th Cir. 1991)). A causal connection may also be shown when the facts support "an inference that the supervisor [or employer] directed the subordinates to act unlawfully or knew that the subordinates would act unlawfully and failed to stop them from doing so." Cottone v.

4

Jenne, 326 F.3d 1352, 1360 (11th Cir. 2003), abrogated in part on other grounds by Randall v. Scott, 610 F.3d 701 (11th Cir. 2010). Plaintiff has not made the necessary showing with respect to Defendant Odum. Accordingly, I **DISMISS** Plaintiff's claims against Defendant Odum.

## II.     Officers Fairchilds and Anderson

Plaintiff does not allege sufficient facts to support a constitutional claim against Officers Fairchilds and Anderson. Plaintiff cannot maintain a § 1983 claim based solely on insults or offensive language. Hernandez v. Fla. Dep't of Corr., 281 F. App'x 862 (11th Cir. 2008) ("[V]erbal abuse alone is insufficient to state a constitutional claim." (citing Edwards v. Gilbert, 867 F.2d 1271, 1274 n.1 (11th Cir. 1989))); see also Leonard v. Scott, No. 17-14248-CIV, 2017 WL 8772149, at *9 (S.D. Fla. Oct. 6, 2017) ("Derogatory, demeaning, profane, threatening or abusive comments made by an officer to an inmate, no matter how repugnant or unprofessional, do not rise to the level of a constitutional violation." (citing Edwards, 867 F.2d at 1274 n. 1)), report and recommendation adopted (S.D. Fla. Oct. 30, 2017); Marks v. Keeton, No. 2:13-CV-620, 2013 WL 5934005, at *2 (M.D. Ala. Sept. 10, 2013) ("The law is settled that verbal harassment and abuse and mere threatening language and gestures of a custodial officer do not amount to a constitutional violation.") (collecting cases), report and recommendation adopted, 2013 WL 5927608 (M.D. Ala. Nov. 5, 2013). To the extent Plaintiff attempts to assert claims against Officers Fairchilds and Anderson, the claims are dismissed because Plaintiff alleges nothing but verbal insults.

## CONCLUSION

For the reasons set forth above, I **DISMISS** Plaintiff's claims against Defendant Odum, Officer Fairchilds, and Officer Anderson. However, I **FIND** that some of Plaintiff's claims may

proceed. Specifically, the Court will direct service of Plaintiff's Eighth Amendment excessive force claims against Defendants York, Hocomb, and Toddman by separate Order.

**SO ORDERED**, this 9th day of January, 2024.

BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA